UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES EARL EVANS,

              Plaintiff,

-against-

VINCENT J. CUZBACK, et al.,

              Defendants.

14 cv 7887 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge:

James Evans ("Plaintiff") brings this action against defendants Officer Vincent Cuzback and the County of Orange (collectively, "Defendants") alleging Due Process and Equal Protection violations under the Fourteenth Amendment, as well as a claim of retaliation, in violation of his right to enjoy freedom of speech under the First Amendment. Before the Court is the Defendants' motion to dismiss.[1] Plaintiff has not submitted opposition to the Defendants' motion. For the following reasons, Defendants' motion to dismiss is GRANTED.

## BACKGROUND

The following facts are derived from the § 1983 Complaint filed by Plaintiff.[2] During the period in dispute, Plaintiff was an inmate at Orange County Correctional Facility ("OCCF").

---

[1] For failure to exhaust administrative remedies, Defendants style their motion as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1). However, the Second Circuit has made clear that "administrative exhaustion is not a jurisdictional predicate," but rather "failure to exhaust is an affirmative defense." *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004) (citation omitted). *See also Arnold v. Goetz*, 245 F. Supp. 2d 527, 531-32 (S.D.N.Y. 2003) ("[T]he PLRA's exhaustion requirement is not jurisdictional in nature.") As an affirmative defense, failure to exhaust is properly asserted on a 12(b)(6) motion for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The Court will nevertheless consider the merits of the exhaustion argument.

[2] Defendants have submitted additional materials in support of their motion to dismiss, including an affidavit of Sergeant Paul Brahm (the former Grievance Coordinator at OCCF) and a record of the log book of inmate grievances. On a motion to dismiss, "the Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, documents 'integral' to the complaint and relied upon in

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/9/2016

Copies mailed/faxed to Gouverneur C.F
and Hale Creek A SACTC
Chambers of Nelson S. Román, U.S.D.J.
2/9/2016

(Compl. ECF No. 1, at 1.) In or around August of 2014, Plaintiff was consistently helping out in the library at the request of Officer Cuzback. (*Id*. at 3.) Plaintiff's duties in the library included "refiling and updating the file cabinet," maintaining supplies for "motions," and "assist[ing] other inmates in their research of cases." (*Id.*) While Plaintiff worked in the library, Officer Cuzback was "prescreening [him] for consideration" to be the next law library clerk. (*Id.*)

After the current law library clerk was abruptly fired on August 15, 2014, Officer Cuzback continued to call on Plaintiff for his assistance in the library. (*Id.*) Officer Cuzback submitted paperwork on Plaintiff's behalf attempting to secure work clearance for the position, but the request was denied. (*Id.*) Officer Cuzback told Plaintiff that his clearance was denied because he has an open felony charge on his record. (*Id.*) Plaintiff contends, however, that the denial was retaliatory because Plaintiff assisted other inmates in filing grievances concerning Officer Cuzback's conduct. (*Id.*) Allegedly, Officer Cuzback would prefer a clerk with less knowledge to assist inmates in filing their cases, presumably so the grievances will fail. (*Id.*) Plaintiff additionally alleges that the denial was discriminatorily based on his race, because the clerk that replaced Plaintiff was white and unqualified. (*Id.*)

Plaintiff filed a grievance regarding this incident with OCCF. (*Id.* at 4.) Upon submitting this grievance, Plaintiff was given an alternate work assignment in the cleaning house unit. (*Id.*)

---

it." *Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014). The Court may also consider "facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *Id.* The materials submitted by Defendants are neither incorporated into the Complaint nor documents of which the Court can take judicial notice. Therefore, the Court cannot consider these materials without converting the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d) (where "matters outside the pleadings are presented to and not excluded by the court" on a motion under Rule 12(b)(6), "the motion must be treated as one for summary judgment under Rule 56."). Because the Plaintiff has not been given an opportunity to respond to a motion for summary judgment, the Court will not convert the motion and will only consider the allegations in the complaint. *See Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009) (quoting *Groden v. Random House, Inc*., 61 F.3d 1045, 1052 (2d Cir. 1995)) ("a district court acts properly in converting a motion for judgment on the pleadings into a motion for summary judgment when the motion presents matters outside the pleadings," so long as "the court give[s] 'sufficient notice to an opposing party and an opportunity for that party to respond.'").

Plaintiff did not take any further steps to appeal his grievance after this resolution. (*Id.*) According to Plaintiff, "an appeal never came about and another person with open felonies was placed in the same spot I was told I couldn't keep." (*Id.*)

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations [in the complaint], a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court must "take all well-plead factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[ ]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). However, the presumption of truth does not extend to "legal conclusions, and threadbare recitals of the elements of the cause of action." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. 662) (internal quotation marks omitted). A plaintiff must provide "more than labels and conclusions" to show he is entitled to relief. *Twombly*, 550 U.S. at 555.

Where a Plaintiff fails to oppose a motion to dismiss a complaint for failure to state a claim, automatic dismissal is not merited. In such a situation, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading

and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322–323 (2d Cir. 2000). As with all Rule 12(b)(6) motions, on an unopposed motion to dismiss, a court is to "assume the truth of a pleading's factual allegations and test only its legal sufficiency." *Id.* at 322. "If a complaint is sufficient to state a claim on which relief can be granted on its face, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *Accurate Grading Quality Assur., Inc. v. Thorpe,* No. 12 CIV. 1343 ALC, 2013 WL 1234836, at *5 (S.D.N.Y. Mar. 26, 2013).

## DISCUSSION

Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). This includes claims of discrimination and retaliation in violation of the First and Fourteenth Amendments. *See Johnson v. Rowley,* 569 F.3d 40, 44 (2d Cir. 2009) (dismissing First Amendment claim that prisoner was terminated from his work assignment because of his supervisor's personal animus towards Muslims for failure to exhaust); *Lopez v. Cipolini,* No. 14-CV-2441 KMK, 2015 WL 5732076, at *4 (S.D.N.Y. Sept. 30, 2015) (applying the PLRA exhaustion requirement to a claim of discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment). *Bussey v. Phillips*, 419 F. Supp. 2d 569, 579 (S.D.N.Y. 2006) (same); *Richardson v. Hillman*,

201 F. Supp. 2d 222, 228 (S.D.N.Y. 2002) ("[P]risoners must grieve or otherwise administratively exhaust any and all claims-including claims of retaliation.").

Exhausting all remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Washington v. Chaboty*, No. 09 CIV. 9199 PGG, 2015 WL 1439348, at *6 (S.D.N.Y. Mar. 30, 2015) (quoting *Hernandez v. Coffey*, 582 F.3d 303, 305 (2d Cir. 2009)) (internal quotation marks and citations omitted). A plaintiff must invoke all available administrative mechanisms, including appeals, "through the highest level for each claim." *Varela v. Demmon*, 491 F.Supp.2d 442, 447 (S.D.N.Y. 2007); *Veloz v. New York*, 339 F.Supp.2d 505, 514 (S.D.N.Y. 2004). The defendants bear the burden of demonstrating that Plaintiff's claim is not exhausted. *Key v. Toussaint*, 660 F.Supp.2d 518, 523 (S.D.N.Y. 2009). "[A] motion to dismiss pursuant to Rule 12(b)(6) for failure to exhaust should be granted only if 'nonexhaustion is clear from the face of the complaint.'" *Lopez v. Cipolini,* No. 14-CV-2441 KMK, 2015 WL 5732076, at *4 (S.D.N.Y. Sept. 30, 2015) (citing *Lovick v. Schriro*, No. 12–CV–7419, 2014 WL 3778184, at *4 (S.D.N.Y. July 25, 2014) (alterations and internal quotation marks omitted)). See also *Lee v. O'Harer*, No. 13–CV–1022, 2014 WL 7343997, at *3 (N.D.N.Y. Dec. 23, 2014) ("Dismissal under Rule 12(b)(6) for failure to exhaust is appropriate if such failure is evidenced on the face of the complaint and incorporated documents."); *Sloane v. Mazzuca*, No. 04–CV–8266, 2006 WL 3096031, at *4 (S.D.N.Y. Oct. 31, 2006) ("[B]y characterizing non-exhaustion as an affirmative defense, the Second Circuit suggests that the issue of exhaustion is generally not amenable to resolution by way of a motion to dismiss." (internal quotation marks omitted)).

Though the Court will not consider the affidavit of Sergeant Brahm—OCCF's former grievance coordinator—it is apparent on the face of the Complaint that Plaintiff did not exhaust

his administrative remedies. Plaintiff asserts that while he filed a grievance regarding the law library clerk incident, "an appeal never came about." (Compl. at 4.) This assertion is a blatant admission of his failure to exhaust. Plaintiff was given an alternative work assignment, and he did not pursue an appeal of his grievance following this proposed and implemented solution. An acceptable outcome surely does not relieve a Plaintiff of his duty to exhaust administrative remedies before filing an action in federal court. *See Dabney v. Pegano*, 604 F. App'x 1, 4 (2d Cir. 2015) (dismissing Plaintiff's excessive force claims where Plaintiff did not pursue an appeal and therefore did not exhaust his administrative remedies). Therefore, Plaintiff's claims must be dismissed as Plaintiff did not fully exhaust his administrative remedies.

## CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss is GRANTED, and the Plaintiff's complaint is dismissed. The Court respectfully directs the Clerk to terminate the motion at ECF No. 22 and close the case.

Dated: February 9th, 2016
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge